**THE SENTINEL FIRM, APC** Seung L. Yang (SBN 249857)
E-mail: seung.yang@thesentinelfirm.com
Tiffany Hyun (SBN 311743)
E-mail: tiffany.hyun@thesentinelfirm.com
Andrew Weaver (SBN 318935)
E-Mail: andrew.weaver@thesentinelfirm.com
Kaitlyn E Fry (SBN 350768)
E-mail: kaitlyn.fry@thesentinelfirm.com

707 Wilshire Blvd., Suite 4700
Los Angeles, California 90017
Telephone: (213) 985-1150
Facsimile: (213) 985-2155

*Attorneys for Plaintiff Jesse B. Elledge*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JESSE B. ELLEDGE, individually, and on behalf of all others similarly situated,

Plaintiff,

vs.

RED RIVER SCIENCE & TECHNOLOGY, LLC, an Oklahoma limited liability company; SAWTST LLC, an unknown business entity; and DOES 1 through 10, inclusive,

Defendants

Case No.: 5:25−cv−02316−SSS−SP

**FIRST AMENDED COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL**

1. Violation of the Fair Labor Stands Act [Pursuant to 29 U.S.C §§ 201, et seq.].

Plaintiff Jesse B. Elledge ("Plaintiff"), based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

**SUBJECT MATTER JURISDICTION AND VENUE**

1. This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, et seq.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Defendants employ numerous hourly, non-exempt employees who reside in this district, and a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district. Defendants are subject to personal jurisdiction here. Defendants own/owed and operate/operated an industry, business, and establishment in California, including in this judicial district.

**INTRODUCTION**

3. Plaintiff brings this collective action on behalf of themself and other similarly situated individuals who have worked for Defendant Red River Science & Technology, LLC and Defendant SAWTST LLC (collectively, "Defendants") as hourly, non-exempt employees.

4. Defendants maintain a longstanding policy and practice of failing to properly compensate non-exempt employees for work performed during meal periods, and for work performed while "off-the-clock." These policies denied Plaintiff and other hourly, non-exempt employees payment for all hours worked, including overtime.

5. Defendants violate the FLSA by knowingly and willfully requiring Plaintiff and Collective members to perform work and/or remain on duty during meal breaks, subjecting them to interruptions during those times. While Defendants require Collective members to clock in and out for meal periods, these employees remain on duty and are continuously subject to interruption during that time.

6. Defendants received value from the work performed by Plaintiff and Collective members during their meal periods and while "off-the-clock" without compensating them for

their services. Defendants willfully, deliberately, and voluntarily failed to pay Plaintiff and Collective members for work performed.

7. Defendants' conduct violated and continues to violate the FLSA because of the mandate that non-exempt employees, such as Plaintiff and the Collective members, be paid at one and one-half times their regular rate of pay for all hours worked in excess of forty within a single workweek. See 29 U.S.C. § 207(a).

8. Plaintiff files this action to recover on behalf of themselves and Collective members all unpaid wages, compensation, penalties, and other damages owed to them under the FLSA, as a 29 U.S.C. § 216(b) collective action, in order to remedy the sweeping practices which Defendants have integrated into their time tracking and payroll policies and which have deprived Plaintiff and Collective members of their lawfully-earned wages.

9. As a result of violations, Plaintiff seeks compensation, damages, penalties, and interest to the full extent permitted by the FLSA, as described herein.

10. Plaintiff also seeks declaratory, equitable, and injunctive relief, including restitution.

11. Finally, Plaintiff seeks reasonable attorneys' fees and costs under the FLSA, as described herein.

## THE PARTIES

### Plaintiff

12. Plaintiff is a California resident that worked for Defendants in the Central District of the State of California, as an hourly, non-exempt Shipping and Receiving Clerk from approximately November 2023 to approximately September 2024.

13. The Collective members are people who are or who have been employed by Defendants as hourly, non-exempt employees in the United States at any time within the three years preceding the filing of the Complaint.

### Defendants

14. Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant Red River Science & Technology, LLC is:

(a) An Oklahoma limited liability company that maintains offices, has agents, employs individuals, and/or transacts business in the State of California;

(b) A business entity conducting business in numerous counties throughout the State of California, including in San Bernardino; and

(c) The former employer of Plaintiff, and the current and/or former employer of the Collective members. Defendant suffered and permitted Plaintiff and the Collective members to work, and/or controlled their wages, hours, or working conditions.

15. Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant SAWTST LLC is:

(a) An unknown business entity that maintains offices, has agents, employs individuals, and/or transacts business in the State of California;

(b) A business entity conducting business in numerous counties throughout the State of California, including in San Bernardino; and

(c) The former employer of Plaintiff, and the current and/or former employer of the Collective members. Defendant suffered and permitted Plaintiff and the Collective members to work, and/or controlled their wages, hours, or working conditions.

16. Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other employees and Collective members, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted

pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

17. Plaintiff and Collective members were and are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

18. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendants have had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

19. Plaintiff is informed, believes, and thereon alleges that Defendants have had, and continue to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 29 U.S.C. § 203(s)(1)(A)(ii).

20. At all material times, Defendants have been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

21. In addition to Plaintiff, Defendants have employed numerous other employees who, like Plaintiff, are hourly, non-exempt employees engaged in interstate commerce.

22. At all material times, Plaintiff and Collective members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

23. At all material times, Defendants have done business under the laws of California, have had places of business in California, including in this judicial district, and have employed Class members in this judicial district. Defendants are a "person" as defined in Labor Code § 18 and Business and Professions Code § 17201. At all relevant times, Defendants have been Plaintiff's "employer" within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

24. Plaintiff is a California resident who worked for Defendants in the County of San Bernardino, State of California, as a Shipping and Receiving Clerk during the statutory period.

Plaintiff was typically scheduled to work 5 days in a workweek, and typically in excess of 8 hours in a single workday.

25. Defendants required Plaintiff and Collective members to remain on duty during and beyond their scheduled shifts, including while clocked out for meal periods. Defendants do not compensate these employees for work performed while clocked out for meal periods.

26. Specifically, Defendants required Plaintiff and Collective members to remain attentive to their personal cellphones, and always keep them with them. Defendants require them to carry these devices so that Plaintiff and Collective members can be reached at all times throughout the day to communicate with co-workers and supervisors regarding work-related issues. Defendants required that Collective members keep their personal cellphones on during meal breaks, in order to be continuously available. Defendants require these employees to respond to calls during this time, regardless of whether they are taking a meal break. Plaintiff is informed, believes, and thereon alleges that this policy and practice applies to all hourly-paid, non-exempt staff.

27. As a result of these policies, Defendants denied Plaintiff and Collective members regular wages as well as the overtime premiums resulting from the additional off-the-clock work performed during meal breaks.

28. Plaintiff and Collective members are also regularly required to work off the-clock, time which Defendants neither record nor compensate them for. Plaintiff and Collective members were assigned to complete tasks before clocking in and after clocking out. Despite being required to perform these work tasks, Plaintiff and the Collective members were not compensated for this time worked. Defendants required Plaintiff and Collective members to perform a number of duties off the clock, including shipment processing, conducting inventory management and data/document entry, quality control, and preparing for incoming shipments. These tasks would take Collective members anywhere from ten minutes to 1 hour per shift to complete. Defendants did not compensate Plaintiff and Collective members for this time worked.

29. Defendants required Plaintiff and Collective members to perform work for which they were not fully compensated by routinely entering and modifying employees' time records

themselves. Defendants required Plaintiff and Collective members to work additional time off the clock, which Defendants neither record nor compensate them for. For example, Defendants required Plaintiff and Collective members to use a timeclock that encounters technical difficulties approximately half of the time. These technical difficulties prevent employees from logging their work hours. Rather than relying on the employees' actual recorded start and end times, Defendants' managers regularly input or adjusted hours worked, resulting in time being reduced, omitted, or otherwise inaccurately reflected. As a result, work performed before scheduled shifts, after scheduled shifts, and during unpaid meal periods was not properly recorded or compensated. Despite being aware that employees were working additional hours beyond those entered into the payroll system, Defendants failed to correct their timekeeping practices.

30. Defendants' common course of wage-and-hour abuse includes routinely failing to maintain true and accurate records of the hours worked by Collective members. In particular, Defendants have failed to record hours that Plaintiff and Collective members worked during missed meal breaks, as well as hours worked off the clock.

**31. <u>COLLECTIVE ALLEGATIONS UNDER THE FLSA</u>**

32. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

33. Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following collective of individuals:

> All persons who worked for any Defendant in California as an hourly, non-exempt employee at any time during the period beginning three years before the filing of the initial complaint in this action and ending at the resolution of this action.

34. Defendants have not compensated these employees for all hours worked, including minimum wage and overtime compensation for all hours worked over 40 hours per week.

35. Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the Collective members.

36. Plaintiff is informed, believes, and thereon alleges that Collective members have

been denied compensation, including overtime compensation for time worked "off-the-clock," and would therefore likely join this collective action if provided a notice of their rights to do so.

37. Plaintiff and the Collective members are similarly situated. Defendants subjected Collective members, like Plaintiff, to Defendants' common practices, policies, or plans of refusing to pay overtime for all work performed in clear violation of the FLSA. Other hourly, non-exempt employees work, or have worked, for Defendants but were not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceeded forty per workweek. Other hourly, non-exempt employees also performed compensable work while "off-the-clock" which, when included with their recorded hours, results in additional overtime hours worked that were not compensated at the rate of one and one-half times their regular hourly in violation of the FLSA.

38. Although Defendants permitted and/or required Collective members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty as a result of meal breaks that were interrupted due to work demands and "off-the-clock" work.

39. Collective members perform or have performed the same or similar work as Plaintiff.

40. Collective members regularly work or have worked in excess of forty hours during a workweek.

41. Collective members are not exempt from receiving overtime compensation under the FLSA.

42. Defendants' failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices and did not depend on the personal circumstances of FLSA Collective members.

43. This action may be properly maintained as a collective action on behalf of the defined Collective because, throughout the relevant time period:

a. Defendants maintained common scheduling systems and policies with respect to Plaintiff and Collective members, controlled the scheduling systems and policies

implemented throughout their facilities and retained authority to review and revise or approve the schedules assigned to Plaintiff and Collective members;

b. Defendants maintained common timekeeping systems and policies with respect to Plaintiff and Collective members; and

c. Defendants maintained common payroll systems and policies with respect to Plaintiff and Collective members, controlled the payroll systems and policies applied to Plaintiff and Collective members, and set the pay rates assigned to Plaintiff and Collective members.

44. Collective members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

45. Plaintiff and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendants to comply with their obligation to legally compensate their employees. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Collective members. Defendants had a plan, policy or practice of not recording or paying Plaintiff and Collective members for interrupted, interruptible, or missed meal breaks, as well as work performed "off-the-clock." These unpaid hours are typically worked in excess of 40 hours per week, and therefore the failure to track these hours results in a violation of the FLSA.

46. Plaintiff estimates the Collective, including both current and former employees over the relevant time period, will include upwards of 500 people or more. The precise number of Collective members should be readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from Collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses of the Collective members are discoverable from Defendants' records.

## FIRST CAUSE OF ACTION

**Violation of the Fair Labor Standards Act**
**Pursuant to 29 U.S.C. §§ 201, et seq.**

**(Against all Defendants – on Behalf of the Collective)**

47. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

48. This claim is brought by Plaintiff on behalf of the Collective against Defendants Red River Science & Technology, LLC and SAWTST LLC.

49. The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation of not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206(a)(1), 207(a)(1).

50. At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

51. Defendants are covered employers required to comply with the FLSA's mandates.

52. Defendants have violated the FLSA with respect to Plaintiff and the Collective, by, *inter alia*, failing to compensate Plaintiff and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage. Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective. 29 U.S.C. § 211(c).

53. Plaintiff and the Collective are victims of a uniform and company-wide compensation policy that has been applied to current and former non-exempt, hourly employees of Defendants, working throughout the United States.

54. Plaintiff and the Collective are entitled to damages equal to the mandated pay, including minimum wage, straight time, and overtime premium pay within the three years preceding the filing of the complaint, plus periods of equitable tolling, because Defendants have acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

55. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount

equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

56. Pay, including minimum wage, straight time, and overtime compensation, has been unlawfully withheld by Defendants from Plaintiff and the Collective as a result of the Defendants' violations of the FLSA. Accordingly, Defendants are liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

57. Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of all others similarly situated and Collective Plaintiff seeks top represent in this action, request the following relief:

1. For an order certifying that the First Cause of Action in this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the Collective, apprising them of the pendency of this action, and permitting them to assert their FLSA claims;
2. For an order equitably tolling the statute of limitations for the potential members of the Collective;
3. Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA;
4. For a declaratory judgment that Defendants have violated the FLSA;
5. For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, its officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;
6. For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;
7. For an order awarding Plaintiff and members of the Collective civil penalties pursuant to the FLSA, with interest thereon;
8. For an award of reasonable attorneys' fees as provided by the FLSA, and/or other applicable law;

9. For all costs of suit;

10. For such other and further relief and this Court deems just and proper.

Dated: March 9, 2026

Respectfully submitted,

THE SENTINEL FIRM, APC

By:

Seung L. Yang
Tiffany Hyun
Andrew Weaver
Kaitlyn Fry
Attorneys for Plaintiff

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a trial by jury as to all causes of action triable by jury.

Dated: March 9, 2026

THE SENTINEL FIRM, APC

By:

Seung L. Yang
Tiffany Hyun
Andrew Weaver
Kaitlyn Fry
Attorneys for Plaintiff